CLEMENTE JAVIERRE, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 683. Submitted May 26, 1927.—Decided May 31, 1927.

J. *Sabater* for the appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

We agree with the appellant that the various reasons assigned for refusing to record a marshal's sale after a suit against a husband alone should be reduced to one, namely, that in a personal action to recover the import of a promissory note signed by the husband the wife should be made a party. We can not agree with the registrar.

The various sections of the Civil Code like 159, 1316 and 1328 which prevent the husband from doing certain acts without the consent of his wife cannot affect his liability to be sued by a third person on an obligation signed by the husband as administrator of the conjugal society. The case of *Hernández* v. *Registrar,* 22 P.R.R. 599, does not conflict with this conclusion. That case involved a suit against a wife without showing her special responsibility. The citation of *Truyol* v. *Registrar,* 18 P.R.R. 901, contained in the said opinion demonstrates that we were not varying from the precepts of section 1323 of the Civil Code, making the matrimonial property responsible for the debts of the husband. Under section 1327 he is the administrator.

The registrar also found the sale defective inasmuch as in the deed there was no certificate that the marshal had published the edicts required by section 251 of the Code of Civil Procedure, par. 2. The deed recited that the marshal had announced in due form that he would sell at public auction. If this was a mistaken recital the debtor has a right of annulment, but we hold that such a statement is sufficient for the purposes of the deed.

The note will be reversed and the record ordered.